**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 21-0495 (ABJ) |
| DANIEL PAUL GRAY, | ) ) | |
| Defendant. | ) ) ) | |

## <u>SCHEDULING ORDER</u>

After considering the matters discussed at the status conference held in this case on July 19, 2022, it is ORDERED that the following schedule shall apply:

1)   Any **defense motion to dismiss**, *see* Fed. R. Crim. Proc. 12(B)(A) and (B), or motion to suppress statements or evidence, must be filed by August 19, 2022.  The oppositions will be due September 9, 2022, and any reply is due September 16, 2022.  If such motions are filed, a hearing will be held on September 30, 2022 at 10:30 a.m. in Courtroom 3.

2)   The **notice of any evidence the government intends to seek to introduce pursuant to Fed. R. Evid. 404(b)** or **prior convictions it would seek to use for impeachment under Fed. R. Evid. 609** must be filed by November 28, 2022.  The oppositions are due on December 12, 2022, and replies are due on December 19, 2022.

3)   **Motions in limine** on behalf of either party must be filed by November 28, 2022.  Oppositions are due December 12, 2022, and replies are due December 19, 2022.

4)   The parties must jointly file a single **Joint Pretrial Statement** by January 5, 2023.

5)   Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out below by January 9, 2023.

6)   The **pretrial conference** will be held on January 12, 2023 at 9:30 a.m.

7)   **Trial** will commence on January 18, 2023 at 9:30 a.m.

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include:

a)    a concise **joint statement of the case**;

b)    an **estimate of the number of days** the trial is anticipated to last;

c)    a list of all outstanding **motions in limine**;

d)    **a written waiver of trial by jury**

e)    The parties' position on the law to be applied by the Court in resolving the factual issues to be tried to it, which may be provided in the form of a summary, but must be supplemented by the jury instructions the parties believe should guide the Court's determination.  The joint pretrial statement should include the instructions on which the parties agree and the instructions on which the parties disagree, with specific objections and supporting legal authority, if any, noted below each instruction.

f)    Any instructions contained in the Standardized Civil Jury Instructions for the District of Columbia need not be separately provided to the Court, but should be identified by number only.  Any other proposed instructions must be provided to the Court in their entirety.

g)    **a list of witnesses or potential witnesses**

h)    **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

i)    **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

j)    **a list of exhibits** that each party intends to offer during trial **that identifies each exhibit by number and specifies those exhibits to which there is an objection,**

**and the basis for the objection**, e.g., "hearsay," or "F.R.E. 403," without further argument;

- Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.

- Any objections on completeness grounds pursuant to F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to chambers.

k)      any **stipulations**, signed by counsel and the defendant;

l)      a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

m)      **a proposed verdict form**.

### Format of Exhibits

Counsel for each party must deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) **and** in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder.

A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk.

For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def's Ex. 27, Email of 11/28/2006). For the paper copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder.  Binders may not be larger than 3 inches.  Exhibit binders must be labelled on both the

front and the spine of the binder with the name of the party, volume number, and the numbers of

the exhibits found inside.  (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

       **SO ORDERED**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  July 19, 2022