UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00495-ABJ |
| | : | |
| DANIEL GRAY, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT DANIEL GRAY'S MOTION FOR RETURN OF PROPERTY AND EXCULPATORY EVIDENCE HELD BY THE UNITED STATES**
<u>**EVIDENTIARY HEARING REQUESTED**</u>

NOW COMES Defendant Daniel Gray, by and through counsel, with this Motion for return of property and exculpatory evidence, pursuant to Rule 41(g) of the Fed. R. Crim. Procedure, the 5th amendment, the common law, and *Brady v. Maryland* and its progeny, to wit, Defendant's cell phone device and his firearm, currently in custody of the United States. Among other things, Gray's device contains exculpatory evidence, and the United States' continuing unlawful keeping of this device is a *Brady* violation. The firearm is not evidence in any way in this case, but was seized unlawfully (stolen, actually) from Defendant's vehicle by agents at the time of Defendant's arrest.[1]

This motion is necessary because the United States appears to be in the practice of coercing January 6 defendants into waiving certain constitutional rights in order to obtain the return of property in United States custody. Specifically, the DOJ is demanding that defendant

---

[1] Daniel Gray's handgun has no relation to this case whatsoever. Gray has no firearm disabilities (outside the prosecution in this case). In any case, Gray assures that he would not possess the gun while on pretrial release or if convicted of any felonies in this case; and that the gun would be delivered into the possession of family members or others who are under no firearm disabilities. The firearm is worth hundreds of dollars and Gray is in need of funds to pay his legal bills.

1

(and others in similar situations)[2] sign a waiver of the ability to challenge the admissibility of the contents of the devices before the government returns the devices.

The government's proposed "stipulation" is attached as Exhibit 1.  When counsel responded by email that the defense would stipulate that we would make no objection without good faith grounds, the government insisted on the defense agreeing to its "stipulation":

> **"The Images are accurate duplicates of the Digital Media and were created using reliable methods and Defendant waives the right to object to the admissibility of the Images of the Digital Media and the right to question witnesses or make arguments concerning the reliability of the methods used to create the Images."**

Note that the government has not even offered proof, or even a sworn declaration, that "the images are accurate duplicates" or that the images "were created using reliable methods" (or even <u>what</u> methods were used).  But the government expects Mr. Gray to stipulate that he cannot even know and cannot challenge the admissibility.  Mr. Gray and counsel <u>would stipulate</u> that we would never challenge such claims unless there were good faith grounds to do so.[3]

A "stipulation" "refers to situations in which both parties specifically and explicitly agree, on the record, to the truth of the relevant facts." *United States v. Nathan*, 188 F.3d 190 (3rd Cir. 1999) (referencing sentencing guidelines). "A stipulation is an agreement between counsel, . . . and like any other agreement or contract, it is essential that the parties or their counsel *agree to its terms*." *Palmer v. City of Long Beach* (1948) 33 Cal.2d 134, 142, 199 P.2d 952 (1948) (Italics supplied).

Mr. Gray and his defense counsel have no way of knowing whether the government's claims (if they even are claims) are true.

---

[2] Counsel knows of other January 6 cases where the United States is engaging in the identical practice: the government seizes a suspect's computer or cellular devices, and then holds the devices hostage while insisting that the defendant must sign a waiver of his rights and ability to challenge the government's assertions regarding the devices.

[3] The defense counteroffered, via email, with a proposed counter-stipulation so stating (attached as Exhibit 3).

The government's practice is plainly unconstitutional and violates rulings by the Supreme Court in *Simmons v. United States*, 390 U.S. 377, 393-94 (1968), *United States v. Salvucci*, 448 U.S. 83, 89 (1980) and other cases. "We find it intolerable that one constitutional right should have to be surrendered in order to assert another." *Id*. See also *Garrity v. New Jersey*, 385 U.S. 493, 500 (holding that the threat of discharge of a policeman cannot be used to secure incriminatory evidence against him).

In *United States v. Jackson*, 390 U.S. 570 (1968), the Supreme Court held unenforceable a federal statute which made the death penalty applicable only to those who contested their guilt before a jury. Such a standard, wrote the Supreme Court, discourages assertion of the Fifth Amendment right not to plead guilty and deters exercise of the Sixth Amendment right to demand a jury trial. The provision "had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them." *Id.*, at 581.

It is not a mere historical accident that "the history of liberty has largely been the history of observance of procedural safeguards." *McNabb v. United States*, 318 U.S. 332, 347 (1943) (Frankfurter, J.). "Our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison*, 349 U.S. 133, 136 (1955). "We have repeatedly held . . . that a guilty plea and its inevitably attendant waivers of federally guaranteed rights are valid only if they represent a "voluntary and intelligent choice" on the part of the defendant." *McGautha v. California*, 402 U.S. 183, 269 (1971) (Brennan, J., dissenting) (citing *N. Carolina v. Alford*, 400 U.S. 25, 31 (1970). "Accordingly, we held that due process requires a State, in accepting a plea of guilty, to make a contemporaneous record adequate 'to show that [the defendant] had intelligently and knowingly pleaded guilty.'" *McGautha*, 402 U.S. at 269 (Brennan, J., dissenting) (citing *Boykin v. Alabama*, 395 U.S. 238, 241 (1969)).

A. **THE CELL PHONE CONTAINS EXCULPATORY EVIDENCE.**

The Assistant Attorney General's recent email states that "Mr. Gray's device is evidence in this case. For that reason, the government needs to retain it for evidentiary purposes." Yet the government has apparently <u>not</u> provided this evidence to the defense. Mr. Gray states that the device does contain evidence; and that this evidence is at least partially exculpatory. Thus, the government's possession of the cell phone—subject to its one-sided "stipulation" that defense may never challenge the admissibility of the phone's contents—is plainly a violation of *Brady v. Maryland* and its associated line of cases.

B. **DANIEL GRAY'S HANDGUN IS NOT EVIDENCE, WAS SEIZED IMPROPERLY, AND IS BEING HELD BY THE GOVERNMENT FOR AN INVALID REASON.**

During Gray's arrest, federal officials wrongly seized Mr. Gray's pistol, a Springfield Armory 9mm semi-automatic handgun, from Mr. Gray's vehicle. By the government's own admission, the handgun has no relevance to this case and is not evidence. But the Assistant U.S. Attorney states in her recent email that "As for the firearm, because it is a condition of Mr. Gray's release conditions that he does not possess a firearm, we can't agree to return it (even with his word that it would remain with a relative)."

Fed. Rule of Criminal Procedure 41(g) provides: "**Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . If it grants the motion, the court must return the property to the movant, *but may impose reason able conditions to protect access to the property and its use in later proceedings*." (emphasis added). Obviously, the Court may order dispensation of Gray's handgun to Gray's family or trusted persons to ensure that Gray does not personally possess the handgun while Gray is prohibited from doing so.

And, of course, there is nothing in the law that prohibits Mr. Gray, or any felon or disabled person, from owning a firearm while not possessing it. *See, e.g., United States v.*

4

*Saikaly*, 207 F.3d 363, 368 (6th Cir. 2000) ("Saikaly also seems to rely on the fact that he did not own the firearms. This is irrelevant. The issue is not ownership, but possession of the firearms."); *Betker v. City of Milwaukee*, 800 F. Supp. 2d 1002 (E.D. Wis. 2011) (Wisconsin law "proscribes possession of a firearm not ownership . . ."). Gray's mother and father <u>would be superior and more lawful</u> custodians and trustees of Gray's firearm compared to the U.S. government, which <u>lawlessly</u> obtained the firearm from Gray's vehicle).

## CONCLUSION

For all of the described reasons, Defendant Gray requests an order compelling the United States to return his cell phone and his Springfield Armory firearm, and any other relief regarding this issue deemed proper by this Honorable Court.

Date: September 22, 2022                    Respectfully Submitted,

*[signature: John M. Pierce]*

John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    I, John M. Pierce, hereby certify that on this day, September 22, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                    /s/ John M. Pierce
                                    John M. Pierce

## **Exhibits Attached**

Exhibit 1: The United States proposed "stipulation"

Exhibit 2: Email exchange with the Assistant US Attorney

Exhibit 3: Defendant Gray's proposed counter-stipulation

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO.   21-cr-495 |
| v. | : | |
| | : | |
| DANIEL GRAY | : | |
| | : | |
| Defendant. | : | |

**STIPULATION REGARDING RETURN OF DIGITAL DEVICES AND
ELECTRONICALLY STORED INFORMATION**

The United States of America and defendant Daniel Gray ("Defendant") hereby agree and stipulate as follows:

**RECITALS**

1. On or about May 18, 2021, pursuant to a court-authorized arrest warrant in Case No. 21-mj-429, (District of Columbia], government agents arrested Daniel Gray and seized a digital device and electronically stored information from defendant's person. On or about December 6, 2021, pursuant to a court-authorized search warrant in Case No. 21-sw-413, (District of Columbia), a warrant was obtained to search that device.

2. Defendant has requested the return of the following specified digital device and electronically stored information (the "Digital Media"):

ONEPLUS phone with IMEI: 990017110594641

3. The government has created an exact and accurate image (the "Image") of each of the Digital Media specified in paragraph 2 by performing an extraction for the purpose of searching the Image.

2

4.      The government intends to use materials discovered as a result of its search(es) as evidence in the pending and ongoing investigation and prosecution including, possibly, introducing those materials into evidence at trial or other proceedings.

## STIPULATION

Accordingly, the parties AGREE and STIPULATE as follows:

1.      The Images are accurate duplicates of the Digital Media and were created using reliable methods and Defendant waives the right to object to the admissibility of the Images of the Digital Media and the right to question witnesses or make arguments concerning the reliability of the methods used to create the Images.

2.      The government will retain, and upon request will provide to defense counsel, the Images extracted from the Digital Media.

3.      The Digital Media will be returned to Daniel Gray or his attorney, John Pierce, as requested by defense counsel.

4.      The government will retain the Images of the Digital Media, including all evidence thereon, for use at trial and any other proceedings in this matter.

5.      The Images of the Digital Media and/or any other copies are "admissible [into evidence] to the same extent as the original," within the meaning of Federal Rule of Evidence 1003.

6.      The government may continue to examine the Images for materials identified in the Search Warrant consistent with the terms of the Search Warrant.

7.      Defendant retains the right to challenge the Search Warrant and move to suppress the Images of the Digital Media pursuant to Fed. R. Crim. P. 41(h).

So stipulated.

Respectfully submitted and agreed,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

Date: _____   By: _____
**Jaqueline Schesnol**
Assistant United States Attorney

Date: _____        _____
**Daniel Gray**
Defendant

Date: _____        _____
**John Pierce**
Attorney for Defendant

4

# EXHIBIT 2

**From:** Schesnol, Jacqueline (USADC)
**Sent:** Thursday, September 8, 2022 7:06 PM
**To:** John Pierce
**Subject:** RE: Daniel Gray Devices

Good evening, John.
Mr. Gray's device is evidence in this case. For that reason, the government needs to retain it for evidentiary purposes. The only way around that is with the standard stipulation I provided. The stipulation you proposed will not suffice.
As for the firearm, because it is a condition of Mr. Gray's release conditions that he not possess a firearm, we can't agree to return it (even with his word that it would remain with a
relative). Best approach is to file a motion to modify release conditions. To be transparent, the government would most likely oppose such a request.
Best regards,
Jacqui

**From:** John Pierce <jpierce@johnpiercelaw.com>
**Sent:** Wednesday, September 7, 2022 7:49 AM
**To:** Schesnol, Jacqueline (USADC) <JSchesnol@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Daniel Gray Devices

Jacqueline,
I consulted with Mr. Grey. We honestly have no way of knowing if the copies of the cell phones will be identical copies. We could stipulate that we would make no objection without good faith grounds for doing so. Frankly we don't understand the need for the stipulation. How about the attached stipulation? Mr. Gray reports that a firearm was also seized at the time of his arrest. Is it possible to get the firearm returned? We could arrange that Mr. Gray would not have any possession of the firearm during the pendency of his case, and that it would go to a relative, etc. Thanks.

**From:** Schesnol, Jacqueline (USADC) <Jacqueline.Schesnol@usdoj.gov>
**Sent:** Monday, August 22, 2022 5:46:41 PM
**To:** John Pierce <jpierce@johnpiercelaw.com>
**Cc:** Roger Roots <RogerIsaacRoots@outlook.com>
**Subject:** RE: Daniel Gray Devices

John-
The government is only in possession of one of Mr. Gray's phones - the one seized incident to arrest in May 2021. No phone was taken by the government from Mr. Gray on January 6, 2021. Mr. Gray lost his phone on Capitol grounds on January 6, 2021. By Mr. Gray's own statements, that lost phone was found and returned to him.
As far as the phone that was seized, if Mr. Gray would like that retuned, please sign the attached stipulation. Thereafter, we can make arrangements to get the device back to him.
Best regards,
Jacqui

Jacqueline Schesnol
Assistant United States Attorney
District of Arizona
Detailed to the USAO - District of Columbia
602-514-7689 (desk)
480-599-1741 (cell)

---

**From:** John Pierce <jpierce@johnpiercelaw.com>
**Sent:** Monday, August 15, 2022 4:50 PM
**To:** Schesnol, Jacqueline (USADC) <JSchesnol@usa.doj.gov>
**Cc:** Roger Roots <RogerIsaacRoots@outlook.com>
**Subject:** [EXTERNAL] Daniel Gray Devices

Jacqueline,

My client, Mr. Gray is in need of his cell phone devices returned.  The first device seized was unlawfully seized on January 6 without warrant and contains exculpatory evidence.  The other devices are also the property of Mr. Gray; and Mr. Gray has a right to them. Do you know the status of these devices by chance?

Thanks

Respectfully,
John Pierce
John Pierce Law
P: (213) 400-0725
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367



This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

: CRIMINAL NO. 21-cr-495

v. :

:

DANIEL GRAY :

:

Defendant. :

STIPULATION REGARDING RETURN OF DIGITAL DEVICES AND

ELECTRONICALLY STORED INFORMATION

The United States of America and defendant Daniel Gray ("Defendant") hereby agree and stipulate as follows:

RECITALS

1. On or about May 18, 2021, pursuant to a court-authorized arrest warrant in Case No. 21-mj-429, (District of Columbia], government agents arrested Daniel Gray and seized a digital device and electronically stored information from defendant's person. On or about December 6, 2021, pursuant to a court-authorized search warrant in Case No. 21-sw-413, (District of Columbia), a warrant was obtained to search that device.

2. Defendant has requested the return of the following specified digital device and electronically stored information (the "Digital Media"):

**ONEPLUS phone with IMEI: 990017110594641**

3. The government states it has created an exact and accurate image (the "Image") of each of the Digital Media specified in paragraph 2 by performing an extraction for the purpose of searching the Image.

4. The government states that it intends to use materials discovered as a result of its search(es) as evidence in the pending and ongoing investigation and prosecution including, possibly, introducing those materials into evidence at trial or other proceedings.

STIPULATION

Accordingly, the parties AGREE and STIPULATE as follows:

1.The Defendant and his counsel have no way of knowing that the Images are accurate duplicates of the Digital Media and were created using reliable methods. At this time, Defendant and his counsel have no knowledge, information, or reason to deny the accuracy of the government's representations.  Defendant and his counsel will not object to the admissibility of the Images of the Digital Media without good faith grounds to do so.

2. The government will retain, and upon request will provide to defense counsel, the Images extracted from the Digital Media.

3. The Digital Media will be returned to Daniel Gray or his attorney, John Pierce, as requested by defense counsel.

4. The government will retain the Images of the Digital Media, including all evidence thereon, for use at trial and any other proceedings in this matter, as allowed and pursuant to the Federal Rules of Evidence and other applicable law.

5. The Images of the Digital Media and/or any other copies are "admissible [into evidence] to the same extent as the original," within the meaning of Federal Rule of Evidence 1003.

6. The government may continue to examine the Images for materials identified in the Search Warrant consistent with the terms of the Search Warrant.

7. Defendant retains the right to challenge the Search Warrant and move to suppress the Images of the Digital Media pursuant to Fed. R. Crim. P. 41(h).

So stipulated.

Respectfully submitted and agreed,

MATTHEW M. GRAVES

UNITED STATES ATTORNEY

D.C. Bar Number 481052

Date:_____ By: _____

Jaqueline Schesnol

Assistant United States Attorney

Date: _____    _____

Daniel Gray

Defendant

Date:_____    _____

John Pierce

Attorney for Defendant