UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-495-ABJ |
| v. | : | |
| | : | |
| DANIEL GRAY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR RETURN PROPERTY

Defendant Daniel Gray, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved for the return of his electronic device (cellular telephone) and firearm, pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 46) Defendant Gray fails to establish why this Court should return the physical device or firearm; therefore, this Court should deny Gray's motion.

### STATEMENT OF FACTS

Defendant Gray joined the mob of rioters on January 6, 2021, at the U.S. Capitol during Congress's attempt to certify the electoral count of the 2020 Presidential Election as required by the Twelfth Amendment and the Electoral Count Act. Both prior to and after January 6, 2021, Gray posted on social media and wrote private messages to friends via social media platforms, regarding the election and the events in Washington, D.C. on January 6.

On January 6, 2021, Gray went to the U.S. Capitol. While on restricted grounds of the Capitol, Gray confronted a line of police officers on the west front. He subsequently entered the Capitol Building and went into the Rotunda. There, he was part of the mob that confronted police officers. Gray and others yelled at and engaged in physical altercations with the officers. At one

point, Gray and others shoved police officers, causing one officer to fall down the Western Rotunda stairs. Gray was inside the Capitol building slightly more than 30 minutes.

On January 7, 2021, while at an airport leaving the D.C. area, Gray recorded a "selfie-style" video using a cellular device, which he streamed to his Instagram account. On that video, Gray admitted to being present at the U.S. Capitol on January 6, 2021 and described some of his conduct. His overall demeanor was one of enthusiasm and pride for what he had done on January 6, 2021.

Defendant Gray was arrested in Florida, on May 18, 2021. His phone and firearm were seized incident to arrest. On June 6, 2021, United States Magistrate Judge Zia M. Faruqui issued conditions of Gray's pretrial release. Condition (7)(k) stated that Gray could not possess a firearm. (ECF No. 7.) On December 6, 2021, United States Magistrate Judge Zia M. Faruqui issued a warrant to search Gray's cellular phone.

## ARGUMENT

### A. Cell Phone

As Gray concedes, the government offered to return his cell phone upon receipt of a signed stipulation that a digital copy is accurate. The parties are currently working through the logistics of providing a digital copy of Gray's phone to him.[1] As such, the government suggests the request for the Court to intervene is premature and should be held in abeyance as it may become moot once defense reviews the digital copy.

---

[1] The digital copy is too large to provide in a traditional file sharing platform; therefore, a copy will be provided on an external drive.

Without a stipulation as to the accuracy of the digital copy, the only means by which the United States can stave off a challenge of "a genuine question [ ] raised about the original's authenticity" would be to maintain the original until after trial.[2]

B. **Firearm**

At the time Gray was arrested, the firearm in his possession was seized by law enforcement incident to the arrest. When conditions of pretrial release were imposed less than two weeks post-arrest, the Court imposed a condition that Gray may not possess firearms or weapons. It appears that Gray is moving for a change of release conditions masked as a Rule 41(g) motion.[3] The government submits there has not been a showing in support of a modification to pretrial release conditions. In the event the Court determines that the firearm should be released, the government requests the pretrial services officer be consulted regarding a proper custodian of the weapon.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Court should deny Defendant's Motion to Return Property.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

    /s/
JACQUELINE SCHESNOL
Assistant United States Attorney
AZ Bar No. 016742
601 D. St. N.W.
Washington, D.C. 20530
(602) 514-7689
jacqueline.schesnol@usdoj.gov

---

[2] FRE 1003
[3] 18 U.S.C. § 3145(a)(2) governs motions to review release conditions.