UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00495-ABJ |
| v. | **DEFENDANT GRAY'S NOTICE OF AFFIRMATIVE DEFENSES** |
| DANIEL GRAY, | |
| Defendant. | |

**(Motion and Memorandum of Points and Authorities in One)**

COMES NOW, Defendant Daniel Gray, by and through his counsel, who gives

NOTICE to the Court of Gray's affirmative defenses.

Gray submits two (2) affirmative defenses, which are related: (1)

entrapment; and (2) justification/privilege of recovering stolen property.  At trial,

Gray will show that on Jan. 6, 2021, while Gray was lawfully standing and

protesting outside the Capitol, Gray's cellphone device was unlawfully stolen and

taken by an (apparent) law enforcement officer (in violation of governing rules,

laws and codes), and Gray was forced to follow the apparent officer into the

interior of the Capitol to seek recovery of his device.  These facts also establish a

type of entrapment defense, because Gray was not intending to enter the Capitol

prior to the unlawful actions of the alleged officer.

INTRODUCTION

The Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element of the charged criminal offense. See *In re Winship*, 397 U.S. 358, 364 (1970). The burden to prove or disprove an element of the offense may not be shifted to the defendant. *See id*.; see also *Patterson v. New York*, 432 U.S. 197, 215 (1977). However, if a defendant asserts a defense that has the effect of negating any element of the offense, the prosecution must disprove that defense beyond a reasonable doubt. See *Patterson*, 432 U.S. at 210.  In effect, the assertion of an affirmative defense adds an additional element to the government's burden of proof.

Thus, at trial the United States will need to prove, beyond a reasonable doubt, that Daniel Gray (1) <u>did not</u> enter the Capitol to retrieve his stolen cell phone; and (2) <u>was not</u> entrapped into following an officer into the Capitol where the officer later claimed to have been "assaulted" by Gray.

LEGAL STANDARDS

It is ancient settled law that a person whose chattel is located on another's land without his consent and not as a result of his tortious conduct or contributory negligence is privileged to enter the land at a reasonable time and in a reasonable manner to remove the chattel. Restatement 2d of Torts, § 198.  And the 5th and 14th amendments protect the right of every person to own, keep and recover his

personal property. See, e.g., Garcia-Rubiera v. Fortuno, 665 F.3d 261, 270 (1st Cir. 2011); Air Sunshine, Inc. v. Carl, 663 F.3d 27, 34 (1st Cir. 2011); Fuentes v. Shevin, 407 U.S. 67, 86 (1972).  Daniel Gray had every right to follow the "officer" into the Capitol and demand return of his cell phone.

Thus, Gray cannot be convicted of trespassing or unlawful entry for seeking to recover his personal property. Cf, e.g., Mortensen v. LeFevre, 674 P.2d 134 (Utah 1983); Salisbury Livestock Co. v. Colo. Cent. Credit Union, 793 P.2d 470 (Wyo. 1990); Brutsche v. City of Kent, 193 P.3d 110 (Wa. 2008); Applegate v. Lucky Bail Bonds, Inc., 387 P.3d 1128 (2016).

Justification, necessity, and the right to recover stolen property are recognized affirmative defenses to trespass-type allegations. *United States v. Deleveaux*, 205 F.3d 1292 (11th Cir. 2000) (justification was available as an affirmative defense to defendant's strict liability offense).  Some courts have also recognized a limited right to use reasonable force to prevent or terminate criminal interference with possession or other right in property.  See *State v. Nelson*, 329 N.W.2d 643 (Iowa 1983) ("[a] person is justified in the use of reasonable force to prevent or terminate criminal interference with his or her possession or other right in property.").  See also *State v. Marley*, 509 P.2d 1095, 1108-09 (Haw. 1973); *United States v. Seward*, 687 F.2d 1270, 1276 (10th Cir. 1982) (defense of necessity doctrine is based on an emergency).

3

These affirmative defenses likewise apply to Gray's other counts (e.g., disorderly conduct, assault, obstruction) to the extent that they rely on Gray's acts of retrieval and recovery of his personal property.

Dated: October 15, 2022　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　/s/ John M. Pierce

　　　　　　　　　　　　　　　　John M. Pierce

　　　　　　　　　　　　　　　　21550 Oxnard Street
　　　　　　　　　　　　　　　　3rd. Floor, PMB #172
　　　　　　　　　　　　　　　　Woodland Hills, CA 91367
　　　　　　　　　　　　　　　　Tel: (213) 400-0725
　　　　　　　　　　　　　　　　Email: jpierce@johnpiercelaw.com
　　　　　　　　　　　　　　　　*Attorney for Defendant*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify and attest that on October 15, 2022, I caused this document to be uploaded and filed in this case, using the electronic filing system established by the Court.  By doing so, I automatically served the document to counsel for the United States.


/s/ John M. Pierce
John M. Pierce