UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL GRAY,<br><br><u>Defendant.</u> | Case No. 1:21-cr-00495-ABJ<br><br>**DEFENDANT DANIEL GRAY'S MOTION TO DISMISS CERTAIN COUNTS DUE TO MULTIPLICITY** |

DEFENDANT DANIEL GRAY'S MOTION TO DISMISS CERTAIN COUNTS
DUE TO MULTIPLICITY

NOW COMES the Defendant Daniel Gray ("Gray"), by and through counsel, with this Motion to Dismiss Certain Counts due to multiplicity.  Several counts in the indictment are simply rewordings and variations of other counts but which cite different statutes.

THE NINE COUNT INDICTMENT IS REALLY THREE ALLEGATIONS: ASSAULTING, OBSTRUCTING, AND TRESPASSING

In all essence, the <u>nine</u> counts of the indictment (filing #25) are just <u>three</u> allegations: (1) some variation of obstructing, opposing or resisting officials at the Capitol; (2) claims that Gray trespassed or paraded in the Capitol, and (3) claims that Gray was violent or assaultive at the Capitol.

**A). The "obstruction" type counts, 1, 2, 5, 7.** First, in Count One, Gray is accused of obstructing *impeding* or interfering with *official* duties of law enforcement officers during a civil disorder at the Capitol on Jan. 6 in violation of 18 U.S.C. Sec. 231(a)(3).  Next, in Count Two, Gray is accused of obstructing, influencing, and *impeding* an official proceeding in violation of 3 U.S.C. Section 15-18.

**B). The "assault" and violence counts, 3, 6, 8**  In Count Three, Gray allegedly assaulted, impeded or interfered with an officer in violation of 18 U.S.C. Sec. 111(a)(1).  Count Five accuses Gray of impeding and disrupting the official functions by *disorderly and disruptive conduct* within restricted grounds.  Along the same lines, Gray is accused in Count Six of engaging in *physical violence* in the Capitol under a different statute, 18 U.S.C. Sec. 1752(a)(4).  Then Count Eight alleges Gray engaged in *physical violence* on Capitol grounds in violation of 40 U.S.C. Sec. 5104(e)(2)(F).

**C) The trespassing counts, 4, 9.**  Count Four alleges a violation of 18 U.S.C. Sec. 1752(a)(l)), trespassing in the Capitol without lawful authority to do so.   Count Nine alleges Gray paraded, demonstrated, and picketed at the Capitol in violation of 40 U.S.C. Sec. 5104(e)(2)(G).

Convictions for all these counts would violate the Double Jeopardy Clause of the U.S. Constitution. Moreover the unnecessary multiplication of counts will prejudice a jury against Mr. Gray.

Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense." *Weathers*, 186 F.3d at 951, *cert. denied*, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2.

Also, courts have recognized that charging the same offense in multiple counts can "<u>unfairly increas[e] a defendant's exposure to criminal sanctions</u>" <u>because a jury may conclude that given the number of charges, the defendant must be guilty of something</u>. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994), quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), abrogated on other grounds, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); see also *United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes"), quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

OVERLAP AMONG CHARGES

If anything, engaging in physical violence in a restricted area is a lesser-included-offense of engaging in physical violence at the Capitol and physically assaulting an officer at the Capitol.  If Gray is found guilty of Count 3 (assaulting an officer performing duties at the Capitol), <u>he is therefore also guilty</u> of engaging in violence at the Capitol and engaging in violence in a restricted area.  Count 8 is plainly a lesser-included-offense of Count 3 as well as Count 6.

The same goes with "disorderly conduct" in a restricted area (Count 5).  It is a lesser-included offense of disorderly conduct in the Capitol (Count 7). These two counts repeat the same general allegations as Count but in slightly different language.

The counts of Gray's indictment expose him to double, and even triple jeopardy for the same alleged acts. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); see also *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008); *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013).  When two different criminal statutes are violated, "the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).

CONCLUSION AND REMEDY

For all of the above stated reasons, Defendant prays for an order either dismissing repetitive Counts or recategorizing these counts as lesser-included offenses (with the jury so instructed).

Dated:  October 21, 2022			Respectfully Submitted,

						/s/John M. Pierce
						John M. Pierce
						John Pierce Law P.C.
						21550 Oxnard Street
						3rd Floor, PMB #172
						Woodland Hills, CA 91367
						Tel: (213) 400-0725
						Email: *jpierce@johnpiercelaw.com*
						Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

      Jacqueline N. Schesnol, Esq.
      DOJ-USAO
      United States Attorney's Office
      40 North Central Avenue, Suite 1800
      Phoenix, AZ 85004-4449
      (602) 514-7689
      jacqueline.schesnol@usdoj.gov

      /s/ John M. Pierce