UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:21-cr-00495-ABJ |
| | : |
| DANIEL GRAY, | : |
| | : |
| Defendant. | : |

DEFENDANT DANIEL GRAY'S REPLY REGARDING GRAY'S ALTERNATIVE PERPETRATOR DEFENSE

Daniel Gray ("Gray"), by and through undersigned counsel, hereby replies to the government's response (ECF #63) to Gray's Notice of Alternative Perpetrator Defense (ECF Doc. 51).  The government "requests that this Court preclude admission of any [ ] evidence" that the pipe bombs discovered on Jan. 6 contributed to the recesses of Congress, the Senate, and the Capitol.   The government argues that "any evidence of pipe bombs would not negate Defendant Gray's guilt, and so would be irrelevant under Rule 401" and that "any purported evidence of pipe bombs would also confuse the issues, mislead the jury, and waste the jury's time," citing Rule 403.

Defendant Gray replies with the following points:

1. There were <u>multiple</u>, different times of recesses regarding Congress on January 6; and multiple, different times and places of evacuations. Gray and others <u>are charged</u> with committing crimes throughout the Capitol complex and grounds. Gray has a right to present a defense.

2. The government as much as concedes that Gray's general assertions are correct: at no time was a single breaching protestor even in the same room with a single senator or congressional representative on Jan. 6. The government makes a big deal about a handful of protestors in certain outer hallways of the Capitol. This is no different from the daily reality of the Capitol building, which is an immense office complex as well as a legislative meeting place. <u>On every normal day there are likely more people</u> milling about and speaking in the outer hallways of the Capitol than there were on Jan. 6.

    On the contrary, <u>the only material difference between Jan. 6 and any other day</u> with a large protest on Capitol grounds is the fact that pipe bombs had been found near the Capitol complex. Gray has a right to develop this argument and evidence before the jury.

3. Federal Rule of Evidence 401 states that evidence is relevant if (a) "it has any tendency to make a fact more or less probable than it would be without the evidence," and (b) "the fact is of consequence in determining the action." The Confrontation Clause of the Sixth Amendment "provides a criminal defendant with

the right 'to be confronted with the witnesses against him,' including the right to cross-examine those witnesses." *United States v. Straker*, 800 F.3d 570, 595(D.C. Cir. 2015) (quoting U.S. Const. Amend. VI).

4. Defendant Gray has a right to cross-examine government witnesses who claim falsely that Gray's conduct caused the recess of Congress on Jan. 6.  The government's false claim cannot go unchallenged in the manner suggested by the government.   Astoundingly <u>the government itself is apparently seeking to present evidence that is plainly irrelevant</u>, and designed to trick the jury into falsely believing that Gray caused Congress to recess at around 2:30 pm when Gray didn't enter the Capitol until a long period later.

| | |
|---|---|
| Dated: November 14, 2022 | Respectfully submitted,<br>/s/ John M. Pierce<br>John M. Pierce<br>John Pierce Law, P.C.<br>21550 Oxnard Street,<br>3rd Floor, PMB 172<br>Woodland Hills, CA 91367<br>Tel: (213) 279-7846<br>**jpierce@johnpiercelaw.com**<br>**Attorney for Defendant** |

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2022, this motion and the accompany declaration was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce