UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:21-cr-00495-ABJ |
| | : |
| DANIEL GRAY, | : |
| | : |
| Defendant. | : |

**DEFENDANT DANIEL GRAY'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT NINE OF THE FIRST SUPERSEDING INDICTMENT**

Daniel Gray ("Gray"), by and through undersigned counsel, hereby replies to the government's response (ECF #48) to his motion to dismiss Count 9 (parading and picketing).

Count 9 plainly violates the First Amendment. Gray is accused of 'parading, demonstrating and picketing' in the U.S. Capitol on Jan. 6. The alleged facts—taken in a light most favoring the United States—cannot possibly justify subjecting Gray to a criminal trial.

The United States fundamentally misconstrues the First Amendment case law regarding expression in the U.S. Capitol. *Ward v. Rock Against Racism*, 491 U. S. 781, 796 (1989). A fundamental principle of the First Amendment is that all persons have access to places where they can speak and listen, and then, after reflection, speak and listen once more. The United States Supreme Court has sought to protect the right to speak in this spatial context. *Id*. A basic rule, for example, is that a street or a park is a quintessential forum for the exercise of First Amendment rights. *Id.*

Even in the modern era, these places are still essential venues for public gatherings to celebrate some views, to protest others, or simply to learn and inquire. *Packingham v. North Carolina,* 137 S. Ct. 1730 (2017). The government misconstrues Judge Friedman's ruling in *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000). The *Bynum* case specifically upheld a "prayer tour" inside the Capitol, during which "Reverend Bynum led a small group of people to various historic sites in the Capitol," viewing, praying, and speaking "in a quiet, conversational tone, during which the members of the group bowed their heads and folded their hands."

While Bynum did pronounce that the interior of the Capitol is not a "public forum" in the way that a public sidewalk is, Bynum did not set much of a floor or ceiling on freedom of speech or advocacy.

> As the seat of the legislative branch of the federal government, the inside of the Capitol might well be considered to be the heart of the nation's expressive activity and exchange of ideas. After all, every United States citizen has the right to petition his or her government, and the Houses of Congress are among the great democratic, deliberative bodies in the world. But it also has been recognized that the expression of ideas inside the Capitol may be regulated in order to permit Congress peaceably to carry out its lawmaking responsibilities and to permit citizens to bring their concerns to their legislators. There are rules that members of Congress must follow, as well as rules for their constituents. To that end, Congress enacted the statute at issue here so that citizens would be "<u>assured of the rights of freedom of expression and of assembly and the right to petition their Government,</u>" without extending to a minority "a license . . . to delay, impede, or otherwise disrupt the orderly processes of the legislature which represents all Americans."

*Bynum* at 55-56.

Later, on page 57 of the Opinion, Judge Friedman explicitly held that "speechmaking" and other "expressive conduct" <u>is allowed</u> in the halls of the Capitol.

> While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive, such as **"speechmaking . . . or other expressive conduct. . . ."**

This would seem to offer broader protection than simply protections of things like quiet prayers. In fact, at the bottom of the opinion, Judge Friedman ruled that it is "FURTHER ORDERED that defendants, their agents and employees are ENJOINED AND RESTRAINED from enforcing **any restrictions**

**on First Amendment** conduct within the United States Capitol on the basis that such conduct is "expressive conduct that convey[s] a message supporting or opposing a point of view or has the . . . propensity to attract a crowd of onlookers."

### COUNT 9 SEEKS TO PUNISH GRAY FOR CONDUCT THAT IS SOLELY AND WHOLLY EXPRESSIONAL.

The Government either has not grasped or refuses to acknowledge that 18 U.S.C. § 5104(e)(2) (G) "Parading, Demonstrating or Picketing in a Capitol Building" must be dismissed because any other non-expressive conduct that could be prosecuted which is not protected First Amendment speech guaranteed by the U.S. Constitution is already addressed and prohibited by other closely-related laws.

The Government relies upon, for example:

To rule a statute as facially unconstitutional is "strong medicine" that should only be employed "with hesitation, and then only as a last resort." L.A. Police Dep't v. United Reporting Publ'g Corp., 528 U.S. 32, 39 (1999) (cleaned up). In a so-called "as-applied" challenge, the defendant would necessarily show that even if there are no constitutional issues with the statute as-written, it could still "be applied in such a manner as to stifle free expression." Thomas v. Chi. Park Dist., 534 U.S. 316, 323 (2002).

But, here, however, there are no ways to apply 18 U.S.C. § 5104(e)(2) (G) which do not "stifle free expression." There is no constitutional way to apply the

statute. This is because 18 U.S.C. § 5104(e)(2) (G) does not stand alone as an independent statute. It exists in a framework of related statutes. Not only "could" it be applied a manner that stifles free expression, but there is no other way to apply 18 U.S.C. § 5104(e)(2) (G) other than to stifle free expression guaranteed under the First Amendment to the U.S. Constitution.

The only distinction between 18 U.S.C. § 5104(e)(2)(G) and the other Counts alleged is purely, 100% pure, First Amendment expressive activity. Otherwise, the "parading" or "demonstrating" or "picketing" that the Government hopes to prove is already covered by Counts Four, Six, Seven, and Eight with which Gray is already separately charged.

Any non-expressive conduct of parading is already subsumed within Counts 4, 6, 7, and 8. A jury could not find Gray guilty of Count Nine other than by finding that Gray committed First Amendment expressive activity separate and apart from the conduct already addressed under Counts 4, 6, 7, and 8.

Any non-expressive conduct of demonstrating is already subsumed within Counts 4, 6, 7, and 8. A jury could not find Gray guilty of Count Nine other than by finding that Gray committed First Amendment expressive activity separate and apart from the conduct already addressed under Counts 4, 6, 7, and 8.

Any non-expressive conduct of picketing is already subsumed within Counts 4, 6, 7, and 8. A jury could not find Gray guilty of Count Nine other than by finding that Gray committed First Amendment expressive activity separate and apart from the conduct already addressed under Counts 4, 6, 7, and 8.

What sets this case apart from all or nearly all other First Amendment cases is that Gray actually has been charged separately with the alternative non-expressive conduct. We need not analyze whether a statute allows that a Defendant could be charged with conduct other than First Amendment expression. Here, the Government actually did charge Gray with the exact same conduct in other counts, but there devoid of any First Amendment issues.

Therefore, the only differential is First Amendment expression with respect to:

A. 40 U.S.C. § 5104(e)(2)(D) "Disorderly Conduct in a Capitol Building" for which Defendant Gray is already charged under Count Seven (which by the way he rejects as being false and contrary to any evidence as an aside).

B. 40 U.S.C. § 5104(e)(2)(F) "Acts of Physical Violence in the Capitol Grounds or Buildings" for which Defendant Gray is already charged under Count

Eight (which by the way he rejects as being false and contrary to any evidence as an aside).

    C.    18 U.S.C. § 1752(a)(2) "Disorderly and Disruptive Conduct in a Restricted Building or Grounds," for which Defendant Gray is already charged under Count Five (which by the way he rejects as being false and contrary to any evidence as an aside).

    D.    18 U.S.C. § 1752(a)(4) "Engaging in Physical Violence in a Restricted Building or Grounds," for which Defendant Gray is already charged under Count Six (which by the way he rejects as being false and contrary to any evidence as an aside).

    E.    18 U.S.C. § 1752(a)(1) "Entering and Remaining in a Restricted Building or Grounds," for which Defendant Gray is already charged under Count Four (which by the way he rejects as being false and contrary to any evidence as an aside).

Those related statutes completely eliminate any possibility of any person violating 18 U.S.C. § 5104(e)(2)(G) by parading, demonstrating, or picketing other than as a purely (100% pure) First Amendment protected activity because any other conduct is already covered by the other, related statutes.

Otherwise, Count Nine alleging a violation of 18 U.S.C. § 5104(e)(2)(G) would be multiplicious, duplicative, redundant, and other terms that mean the same thing.

In order for 18 U.S.C. § 5104(e)(2)(G) to add anything to the other, related statutes, the Government must allege and prosecute and hope to prove purely expressive, First-Amendment protected activity.

Compare for example, the following conduct: Tours of school children being led through the U.S. Capitol could involve no expressive conduct, yet young children squeal loudly due to a classmate's funny walk on the tour. There would be no message communicated – no parading (other than being led in a line by a school teacher) or demonstrating or picketing – just loud noises without a purpose or message. Yet, the loud volume would be addressed under the other, related statutes detailed above, such as 18 U.S.C. § 1752(a)(2) "Disorderly and Disruptive Conduct in a Restricted Building or Grounds."

II.   THE ALLEGATIONS AGAINST DANIEL GRAY

Defendant Daniel Paul Gray ("Gray") is charged with nine (9) Counts which actually in substance come down to --

a.   One Count of 18 U.S.C. § 1512(c)(2) "Obstruction of an Official Proceeding" for allegedly disrupting the quadrennial Joint Session of Congress for

the receipt, evaluation, resolution of disputes about, and ultimate counting of the votes for President and Vice President by the Electoral College, including allegedly aiding and abetting thereof, which is a felony punishable by up to 20 years in prison.

      b.      Four variations of "Entering and Remaining in a Restricted Building or Grounds" with charges of disruption thereby including under 18 U.S.C. § 1752(a)(1) and (2) and 18 U.S.C. § 5104(e)(2)(D) "Disorderly Conduct in a Capitol Building" and (G) "Parading, Demonstrating or Picketing in a Capitol Building."

      c.      Four variations of charges of violence including 18 U.S.C. § 231(a)(3) acts in furtherance of "Civil Disorder" or hindering officers during a civil disorder; 18 U.S.C. § 111(a)(1) "Assaulting, Resisting, or Impeding Certain Officers"; 18 U.S.C § 1752(a)(4) "Engaging in Physical Violence in a Restricted Building or Grounds"; and 18 U.S.C. § 5104(e)(2)(F) "Acts of Violence in the Capitol Grounds or Buildings."

    The Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element of the charged criminal offense. See, In re Winship, 397 U.S. 358, 364 (1970). The burden to prove or disprove an element of

the offense may not be shifted to the defendant. See id.; see also Patterson v. New York, 432 U.S. 197, 215 (1977).

The "central meaning" of the First Amendment, Justice William Brennan declared in his opinion for a unanimous Court, is the right to criticize government and public officials.   New York Times v. Sullivan 376 U.S. 254 (1964).

V.   CONCLUSION

ACCORDINGLY, this Court should dismiss Count 9 of the Superceding indictment in this case.  The Defendant requests this Court to grant this Motion and such other relief as may be deemed just.  Defendant Daniel Paul Gray, demands that any identification of him on videos be suppressed unless where the identification is done in a constitutionally valid and persuasive manner.


Dated: November 14, 2022

Respectfully submitted,
/s/ John M. Pierce
John M. Pierce
John Pierce Law P.C.
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
P: (213) 349-0054
jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 14, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>/s/ John M. Pierce</u>
John M. Pierce