UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. |
| : | |
| DANIEL PAUL GRAY, : | 1:21-cr-00495-ABJ |
| : | |
| Defendant : | |
| : | |

## MOTION FOR STAY AWAITING APPEAL OF DISMISSAL
## OF CHARGES UNDER 18 U.S.C. § 1512(c)(2) AGAINST PARALLEL DEFENDANTS

Defendant Daniel Paul Gray ("Gray"), through the undersigned counsel, John M. Pierce, Esq., moves the Court to stay the case until decision on the Government's appeal of the applicability of 18 U.S.C. 1512(c)(2), which is currently scheduled for oral argument at 9:30 AM on December 12, 2022.

(Counsel for Gray has contacted opposing counsel AUSA Jacqueline Schesnol, who indicates the United States opposes such a stay.)

In three cases in this Court arising from events on or about January 6, 2021, motions to dismiss were granted dismissing charges of violations under 18 U.S. C1512(c)(2). The Government chose to appeal those dismissals. Judge Carl Nichols decision in *United States v. Garrett Miller,* 1:21-CR-119 (CJN), ECF No. 72 (D.D.C. Mar. 7, 2022) is currently on appeal, consolidated with *United States v. Joseph W. Fischer* and *United States v. Edward Jacob Lang.*

Oral argument has been scheduled for 9:30 AM on December 12, 2022. See Exhibit 1, attached. The Memorandum Opinion of Judge Nichols in *USA v. Garrett Miller* is meticulous and persuasive. See Exhibit 2, attached. It should be emphasized that the consolidated appeals of these three cases is at the Government's initiative and decisions.

1

Of course, if the U.S. Court of Appeals upholds the dismissal of the trial court, any time spent by this Court pursuing Count II of the First Superseding Indictment here in this case would be a complete waste of the Court's time. In the interests of judicial economy, the Court should await the outcome of the appeal.

Of the charges brought arising from events of January 6, 2021, the shortest statute of limitations is five years. Thus, the Government had no reason to rush into prosecutions it was not ready for, including with incomplete factual investigations. There is no reason now for an unnecessary rush.

During the prosecution case in chief of *USA v. Stewart Rhodes*, in this District Court, Case No. 1:22-cr-00015, on October 19, 2022, the (then) U.S. House of Representatives Parliamentarian Thomas Wickham testified that Speaker of the House Nancy Pelosi was whisked away from the podium by security at 2:13 to 2:14 PM on January 6, 2021, leaving Rep. McGovern to take over as Presiding Officer. Therefore, the cause of the recess of the Joint Session of Congress existed as early as 2:13 PM, and actually 2:00 PM as we will see:

In the U.S. Capitol Police timeline attached as Exhibit 1 to the Government's Opposition to Gray's Notice of Alternative Perpetrator Offense, marked as CAPD_000003203, the Timeline reveals that at "1400 hours" "Assistant COP [Chief of Police] Pittman orders lockdown of U.S. Capitol Building." Thus, we now know that the causation for the evacuation of the U.S. Capitol existed as of 2:00 PM. Although the initial order was for a "lockdown," this shows that the cause of the recess of the Joint Session of Congress existed as early as 2:00 PM.

The Government identifies Defendant Gray as arriving at the U.S. Capitol between 2:25 PM and 2:57 PM. Therefore, it would be scientifically impossible for Defendant Gray to cause at 2:25 PM a result at 2:00 PM.

Since Gray was only in the Capitol building briefly, the U.S. Attorney's Office's latest gambit is to shift the focus to a resumption of the proceeding after Gray had already left. But this also fails. Both theories were never more than fanciful speculation.

Other demonstrators – those who were true rioters and not the mere demonstrators – remained after Gray left and many of them remained outside the building beyond the curfew at dusk. Therefore, if the resumption of the Joint Session is the issue, others were in and around the Capitol building and grounds long after Gray was gone.

For the Government's latest hypothesis (only a maybe) to be plausible, Gray would have to have been the last person to leave the building. But he was not. There were hundreds of others still in the building after Gray was long gone.

But, worse, the "resumption" of an official proceeding theory takes us much farther away from any legitimate use of 18 U.S.C. § 1512(c)(2). It is highly unlikely that such a hypothesis would survive under the ruling of the U.S. Court of Appeals.

In any event, the Court would be in a better position to evaluate the appropriateness of a stay after the oral argument on December 12, 2022.

**I. CONCLUSION**

The Defendant requests this Court to grant a stay of the case until the decision in the U.S. Court of Appeals on the applicability of 18 U.S.C. 1512(c)(2) or at least until oral argument provides more clarity on December 12, 2022.

Dated:  November 17, 2022      RESPECTFULLY SUBMITTED
DANIEL PAUL GRAY, *By Counsel*

/s/John M. Pierce
John M. Pierce
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

5

## CERTIFICATE OF SERVICE

      I hereby certify that on November 17, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

      Jacqueline N. Schesnol, Esq.
      DOJ-USAO
      United States Attorney's Office
      40 North Central Avenue, Suite 1800
      Phoenix, AZ 85004-4449
      (602) 514-7689
      jacqueline.schesnol@usdoj.gov

      _____
      John M. Pierce, Esq.